UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ERIC CHRISTOPHER FALKOWSKI,**

       Petitioner,

v.                                         Case No. 6:20-cv-915-Orl-41GJK

**UNITED STATES OF AMERICA,**

       Respondent.
_____/

## ORDER

THIS CAUSE is before the Court on the Government's Motion to Compel Former Defense Counsel to Disclose Substance of Communications and For an Extension of Time ("Motion," Doc. 17). Petitioner has filed a Second Amended Motion to Vacate, Set Aside, or Correct Sentence ("Second Amended Motion to Vacate," Doc. 14), in which he alleges several claims of ineffective assistance counsel, including claims that counsel improperly advised him to enter into a proffer agreement with the Government and failed to consult with him regarding his appellate rights. The Government asks the Court to make a determination that Petitioner waived his attorney-client privilege with regard to his ineffective assistance of counsel claims. (Doc. 17 at 3-4).

The law is well-settled that "a party 'waives its attorney-client privilege when it injects into this litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct.'" *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001) (quoting *GAB Bus. Servs., Inc. v Syndicate 627*, 809 F.2d 755, 762 (11th Cir. 1987)). When a prisoner alleges ineffective assistance of counsel as Petitioner did in this case, he "put[s] at issue-and thereby waive[s]-any privilege that might apply to the contents of his conversations" with trial counsel "to the extent those conversations bore on . . . strategic choices." *Id.* at 1178-79 (noting that the court does not have "the slightest scruple about deciding that" a client waives the privilege "as to all communications relevant" to the client's allegation of deficient performance). Therefore, the Court will grant the Motion because Petitioner waived his attorney-client privilege regarding all communications relevant to allegations of deficient performance asserted in the Second Amended Motion to Vacate.

Accordingly, it is **ORDERED** and **ADJUDGED** that the Government's Motion (Doc. 17) is **GRANTED**. Former defense counsel Alisha Marie Scott Nair may not assert the attorney-client privilege regarding the above matters and shall disclose any relevant facts via an affidavit or materials from the defense file. It is further **ORDERED** that the Government shall have **NINETY DAYS** from the date of this Order to file its Response to the Second Amended Motion to Vacate.

**DONE** and **ORDERED** in Orlando, Florida on October 14, 2021.



Copies furnished to:

Counsel of Record
Unrepresented Party